14-3625-cr(L), 14-3687-cr(Con)
United States v. Muhammad

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand sixteen.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,
      *Appellee*,

v.

RAHMEL MUHAMMAD, AKA Rah,
      *Defendant-Appellant*.

Nos.  14-3625-cr(L)
      14-3687-cr(Con)

-------------------------------------------------------------------

APPEARING FOR APPELLANT: DANIEL M. PEREZ, Law Offices of Daniel M. Perez, Newton, New Jersey.

APPEARING FOR APPELLEE: JULIA NESTOR, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 26, 2014, is AFFIRMED.

Defendant Rahmel Muhammad, who stands convicted after a jury trial of conspiracy to distribute and possess with intent to distribute cocaine, see 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846,[1] challenges the sufficiency of the evidence supporting his conviction. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review a sufficiency challenge de novo and must affirm the conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); accord United States v. Kozeny, 667 F.3d 122, 139 (2d Cir. 2011). In conducting such review, we are mindful that the government is entitled to prove a defendant's knowing participation in a conspiracy through circumstantial evidence. See United States v. Anderson, 747 F.3d 51, 60 (2d Cir. 2014).

The primary evidence of Muhammad's participation in a conspiracy with Michael Price to distribute cocaine was his own admission—made to his probation officer after a search of his apartment revealed drug paraphernalia—that he had used his digital scale approximately five to ten times to weigh $30 bags of powder cocaine for Price to sell to

---

[1] Muhammad was charged with conspiracy to distribute and possess with intent to distribute (1) 28 grams or more of a substance containing cocaine base, and (2) cocaine, but the jury found that the government did not prove beyond a reasonable doubt that the conspiracy involved cocaine base.

2

others. Such a confession, "if proven reliable, may serve as the only evidence" of the charged crime. United States v. Irving, 452 F.3d 110, 118 (2d Cir. 2006). Muhammad, however, submits that the government's failure adequately to corroborate his admission precludes reliability. See Smith v. United States, 348 U.S. 147, 152 (1954) (explaining that "accused may not be convicted on his own uncorroborated confession"); Opper v. United States, 348 U.S. 84, 91, 93 (1954) (holding that government must introduce "substantial independent evidence which would tend to establish the trustworthiness" of "statements of the accused out of court that show essential elements of the crime"); accord United States v. Irving, 452 F.3d at 118.

The argument is defeated by the record, which corroborated Muhammad's admission in several respects. Notably, the search of his apartment resulted in the seizure of the following evidence: (1) a digital scale on which cocaine residue was found; (2) a glass mirror recovered from Muhammad's kitchen, which also tested positive for cocaine and which trial testimony established can be used to cut drugs; and (3) a glass jar, in which there was an "indication" of cocaine, Trial Tr. 293. Further corroborating Muhammad's statement was record evidence of the volume of communication between Muhammad and Price, who, as Muhammad explained in his admission and independent evidence corroborated, met while the two men were incarcerated in the Nassau County Correctional Center. In the two months before the April 20, 2012 search of Muhammad's apartment, there were approximately 136 telephone calls and 126 text messages between Muhammad and Price. At least one of these text messages suggested that Muhammad and Price were splitting profits. See App'x 76 (text message from Muhammad to Price

3

stating "got 160 for you, <u>on top of whatever you throw me</u>" (emphasis added)). Accordingly, we conclude there was sufficient evidence to corroborate Muhammad's admission.

In urging otherwise, Muhammad contends that there was no independent evidence of an agreement between Muhammad and Price. This argument fails because corroborative evidence need not prove every element of the charged offense or corroborate every aspect of the admission; rather, it must "support[] the <u>essential</u> facts admitted sufficiently to justify a jury inference of their truth." <u>United States v. Irving</u>, 452 F.3d at 118 (emphasis in original) (quoting <u>Opper v. United States</u>, 348 U.S. at 93); <u>see also</u> <u>Opper v. United States</u>, 348 U.S. at 93 (explaining that corroboration rule requires "substantial independent evidence which would tend to establish the <u>trustworthiness</u> of the statement" (emphasis added)). The corroborative evidence here satisfied this standard with respect to the trustworthiness of Muhammad's admission.[2] Further, insofar as Muhammad argues that there was no independent evidence of Price's actual sale of cocaine to a third party, that argument is similarly unavailing. <u>See</u> <u>United</u>

---

[2] To the extent Muhammad suggests that his admission was involuntary because, having been recently released from prison, he was "under immense pressure" in speaking to his probation officer, the argument merits little discussion. Appellant Br. 24–25. The record shows that Muhammad voluntarily went to the probation office on April 23, 2012, three days after the search of his apartment, and provided his statement to Officer Stickley. Then, he returned several weeks later to review Officer Stickley's typed notes of the April 23, 2012 meeting reflecting his statement, confirmed its accuracy, and signed it. In these circumstances, his statement is properly viewed as voluntary. <u>See generally</u> <u>Opper v. United States</u>, 348 U.S. at 88–89 (noting that petitioner did not challenge voluntariness of inculpatory statement, and further explaining that "[i]n fact the record discloses that petitioner was cooperative with the FBI in furnishing information and that petitioner had ample opportunity to consult counsel in reference to the FBI interviews and statements").

States v. Santos, 541 F.3d 63, 71 (2d Cir. 2008) ("[T]he absence of an actual sale or seizure of narcotics does not render insufficient the proof of a conspiracy to distribute it."). Thus, we reject Muhammad's sufficiency challenge as meritless.[3]

We have considered Muhammad's remaining arguments and conclude they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] United States v. Bryce, 208 F.3d 346 (2d Cir. 1999), cited by Muhammad, warrants no different conclusion. There, defendant challenged only his conviction for possession with intent to distribute, and no independent evidence corroborated his admission to that crime. See id. at 356. That is not this case.

5